UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANMOHAN PEGANY,<br><br>Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN, Commissioner of Social Security,<br><br>Defendant. | No. 2:13-cv-1851 DAD<br><br>ORDER |

This social security action was submitted to the court without oral argument for ruling on plaintiff's motion for summary judgment and defendant's cross-motion for summary judgment. For the reasons explained below, plaintiff's motion is granted, defendant's cross-motion is denied, the decision of the Commissioner of Social Security ("Commissioner") is reversed, and the matter is remanded for further proceedings consistent with this order.

PROCEDURAL BACKGROUND

On March 5, 2010, plaintiff filed an application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("the Act"), alleging disability beginning on December 31, 2009. (Transcript ("Tr.") at 14, 133-36.) Plaintiff's application was denied initially, (id. at 69-72), and upon reconsideration. (Id. at 73-77.) Plaintiff requested a hearing and hearing was held before an Administrative Law Judge ("ALJ") on January 9, 2012. (Id. at 27-43.) Plaintiff

1

was represented by an attorney and testified at the administrative hearing.  (Id. at 27-28.)  In a decision issued on February 17, 2012, the ALJ found that plaintiff was not disabled.  (Id. at 22.) The ALJ entered the following findings:

> 1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2014.
>
> 2. The claimant has not engaged in substantial gainful activity since December 31, 2009, the alleged onset date (20 CFR 404.1571 *et seq.*).
>
> 3. The claimant has the following severe impairments: degenerative disc disease of the cervical spine status post fusion, arrhythmia, and hypertension (20 CFR 404.1520(c)).
>
> 4. At no time relevant did claimant have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, and 404.1526).
>
> 5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b).  The claimant can do frequent postural activities, but no climbing of ladder/rope/scaffolds and no work around hazards.
>
> 6. The claimant is capable of performing past relevant work as a security guard, DOT 372.667-034, light, and SVP 3.  This work does not require the performance of work related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565).
>
> 7. Alternatively, the claimant can also do other work.
>
> 8. The claimant has not been under a disability, as defined in the Social Security Act, from December 31, 2009, through the date of this decision (20 CFR 404.1520(f)).

(Id. at 16-22.)

On July 8, 2013, the Appeals Council denied plaintiff's request for review of the ALJ's February 17, 2012 decision.  (Id. at 1-3.)  Plaintiff sought judicial review pursuant to 42 U.S.C. § 405(g) by filing the complaint in this action on September 6, 2013.

## LEGAL STANDARD

"The district court reviews the Commissioner's final decision for substantial evidence, and the Commissioner's decision will be disturbed only if it is not supported by substantial

evidence or is based on legal error." Hill v. Astrue, 698 F.3d 1153, 1158-59 (9th Cir. 2012). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001); Sandgathe v. Chater, 108 F.3d 978, 980 (9th Cir. 1997).

"[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006) (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)). If, however, "the record considered as a whole can reasonably support either affirming or reversing the Commissioner's decision, we must affirm." McCartey v. Massanari, 298 F.3d 1072, 1075 (9th Cir. 2002).

A five-step evaluation process is used to determine whether a claimant is disabled. 20 C.F.R. § 404.1520; see also Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). The five-step process has been summarized as follows:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
>
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
>
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
>
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
>
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Bowen v. Yuckert, 482 U.S. 137, 146 n. 5 (1987). The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.; Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999).

APPLICATION

In his pending motion plaintiff argues that the ALJ committed the following three principal errors in finding him not disabled: (1) the ALJ erred at step three of the sequential evaluation; (2) the ALJ's treatment of the medical opinion evidence constituted legal error; and (3) the ALJ improperly rejected plaintiff's own testimony concerning his subjective symptoms. (Pl.'s MSJ (Dkt. No. 15) at 10-18.[1]) Below, the court addresses plaintiff's arguments.

**I.     Step Three**

Plaintiff argues that the ALJ erred at step three of the sequential evaluation by failing to adequately consider whether plaintiff's impairments met or medically equaled the severity of one of the Listing impairments. (Id. at 10-11.)

At step three of the sequential evaluation, the ALJ must determine whether a claimant's impairment or impairments meet or equal one of the specific impairments set forth in the Listings. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). The physical and mental conditions contained in the Listings are considered so severe that "they are irrebuttably presumed disabling, without any specific finding as to the claimant's ability to perform his past relevant work or any other jobs." Lester v. Chater, 81 F.3d 821, 828 (9th Cir. 1995). The Listings were "designed to operate as a presumption of disability that makes further inquiry unnecessary." Sullivan v. Zebley, 493 U.S. 521, 532 (1990). See also Lewis v. Apfel, 236 F.3d 503, 512 (9th Cir. 2001). If a claimant shows that his impairments meet or equal a Listing, he will be found presumptively disabled. 20 C.F.R. §§ 404.1525-404.1526, 416.925-416.926.

Here, at step three of the sequential evaluation, the ALJ's stated in the decision:

> At no time relevant did claimant have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, and 404.1526).

(Tr. at 17.) That is the full extent of the ALJ's step three evaluation and the ALJ offered no further elaboration or explanation for the conclusion reached.

---

[1] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

An ALJ is required to adequately explain the basis for his determination that an applicant's impairments do not equal a Listing. Marcia v. Sullivan, 900 F.2d 172, 176 (9th Cir. 1990). See also Taylor v. Commissioner of Social Sec. Admin., 659 F.3d 1228, 1233 (9th Cir. 2011) ("At step three, the ALJ failed to explain adequately his evaluation of the combined effect of Taylor's impairments, both severe and non-severe, and why they did not meet or equal any of those on the Listing of Impairments . . . .").

Defendant argues that the "ALJ was not obliged to discuss the relevant evidence in a special section or in any special order." (Def.'s MSJ (Dkt. No. 18) at 8) (citing Kennedy v. Colvin, 738 F.3d 1172, 1178 (9th Cir. 2013)). Of course, defendant is correct. In this regard, a well-developed discussion of the factual basis of a claimant's impairments elsewhere in a hearing decision may, under certain circumstances, support an unexplained finding of no medical equivalence at step three. See Gonzalez v. Sullivan, 914 F.2d 1197, 1201 (9th Cir. 1990). (finding that an ALJ's four-page summary of the record was an adequate basis for the otherwise unexplained statement that the applicant's impairments did not meet or equal a Listing).

Here, however, the ALJ's summary of the record in the decision does not provide an adequate foundation from which the court could determine how the ALJ reached the conclusion that plaintiff's impairments did not meet or equal a Listing impairment.[2] Instead, the ALJ has offered only the mere conclusion that plaintiff's impairments did not meet or equal a Listing impairment. See Marcia, 900 F.2d at 176 ("We hold that, in determining whether a claimant equals a listing under step three of the Secretary's disability evaluation process, the ALJ must explain adequately his evaluation of alternative tests and the combined effects of the impairments."); Santiago v. Barnhart, 278 F.Supp.2d 1049, 1057 (N.D. Cal. 2003) ("A mere statement that a claimant does not equal the listing is insufficient.").

Accordingly, plaintiff is entitled to relief with respect to his claim that the ALJ erred by failing to adequately consider whether plaintiff's impairments met or medically equaled the severity of one of the Listing impairments.

---

[2] This is particularly true in light of the other deficiencies in the ALJ's decision noted in this order.

5

## II.     Medical Opinion Evidence

Plaintiff argues that the ALJ also erred by failing to afford the proper weight to the opinion of Dr. Omar Mora Colon, an examining physician. (Pl.'s MSJ (Dkt. No. 15) at 11-16.)

The weight to be given to medical opinions in Social Security disability cases depends in part on whether the opinions are proffered by treating, examining, or nonexamining health professionals. Lester, 81 F.3d at 830; Fair v. Bowen, 885 F.2d 597, 604 (9th Cir. 1989). "As a general rule, more weight should be given to the opinion of a treating source than to the opinion of doctors who do not treat the claimant . . . ." Lester, 81 F.3d at 830. This is so because a treating doctor is employed to cure and has a greater opportunity to know and observe the patient as an individual. Smolen, 80 F.3d at 1285; Bates v. Sullivan, 894 F.2d 1059, 1063 (9th Cir. 1990). The uncontradicted opinion of a treating or examining physician may be rejected only for clear and convincing reasons, while the opinion of a treating or examining physician that is controverted by another doctor may be rejected only for specific and legitimate reasons supported by substantial evidence in the record. Lester, 81 F.3d at 830-31. "The opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician." (Id. at 831.) Although a treating physician's opinion is generally entitled to significant weight, "'[t]he ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings.'" Chaudhry v. Astrue, 688 F.3d 661, 671 (9th Cir. 2012) (quoting Bray v. Comm'r of Soc. Sec. Admin., 554 F.3d 1219, 1228 (9th Cir. 2009)). In addition, greater weight should be given to the "'opinion of a specialist about medical issues related to his or her area of specialty.'" Benecke v. Barnhart, 379 F.3d 587, 594 (9th Cir. 2004) (quoting 20 C.F.R. § 404.1527(d)(5)).

In this case, on November 14, 2010, Dr. Colon conducted a "comprehensive orthopedic evaluation," of plaintiff. (Tr. at 300.) Following his examination of plaintiff, Dr. Colon opined that plaintiff could lift less than 10 pounds, occasionally and frequently, should never reach "until he is cleared by his M.D.," and "should never do climbing, balancing, stooping, kneeling, crouching, and crawling." (Id. at 302-03.)

6

The ALJ acknowledged examining physician Dr. Colon's opinion, stating:

> The consultative orthopedic examiner's opinion is afforded only partial weight. He opined that claimant was limited to less than sedentary with no reaching. Less than 12 months later in April 2011 the claimant could easily move and lift 20 pounds.

(Id. at 20.)  Again, that is the full extent of the ALJ's consideration of Dr. Colon's opinion as reflected in the ALJ's decision.

The ALJ's conclusion that "in April 2011 the claimant could easily move and lift 20 pounds," appears to be drawn from a letter written by Dr. Praveen Prasad to Dr. Jasbir Kang, which read as follows:

> [plaintiff] has finished physiotherapy and reports that his is doing much better than before operation (sic). He can easily lift and move 20 pounds without difficulty.

(Id. at 351.) It is not clear if Dr. Prasad's reference to plaintiff being able to life 20 pounds is a subjective report from plaintiff or an objective observation by Dr. Prasad himself.

Assuming, without deciding, that Dr. Prasad's letter provided a valid reason for rejecting Dr. Colon's limitation with respect to plaintiff's ability to lift, the ALJ's decision fails to address in any way Dr. Colon's limitation that plaintiff never climb, balance, stoop, kneel, crouch or crawl. "Where an ALJ does not explicitly reject a medical opinion or set forth specific, legitimate reasons for crediting one medical opinion over another, he errs." Garrison v. Colvin, 759 F.3d 995, 1012 (9th Cir. 2014) (citing Nguyen v. Chater, 100 F.3d 1462, 1464 (9th Cir. 1996)). See also Bain v. Astrue, 319 Fed. Appx. 543, 546 (9th Cir. 2009) ("Here, the ALJ failed to discredit or incorporate the limitations enumerated by state agency consultant Frank Lahman, including that Bain was moderately limited in her ability to accept instructions and respond appropriately to criticism from supervisors and moderately limited in her ability to respond appropriately to changes in the work setting. Accordingly, on remand the ALJ must also address these limitations").[3]

/////

---

[3] Citation to this unpublished Ninth Circuit opinion is appropriate pursuant to Ninth Circuit Rule 36-3(b).

Moreover, not only did the ALJ fail to fully address the limitations indicated by Dr. Colon's examining opinion, but the ALJ afforded greater weight the opinions of the nonexamining "State agency doctors" based entirely on the conclusory assertion those opinions were "consistent with the findings and overall record." (Tr. at 20.) Of course, "the opinion of an examining physician is entitled to greater weight than that of a non-examining physician." Garrison, 759 F.3d at 1012. See also Ryan v. Commissioner of Social Sec., 528 F.3d 1194, 1201 (9th Cir. 2008) ("The weight afforded a non-examining physician's testimony depends on the degree to which they provide supporting explanations for their opinions."). Here, the ALJ noted no explanation provided for the non-examining physician's opinion.

Accordingly, the court finds that plaintiff is also entitled to relief with respect to his claim that the ALJ erred by failing to afford the proper weight to the opinion of examining physician Dr. Colon.

### III.     Plaintiff's Subjective Testimony

With error established the court could elect to forgo analysis of plaintiff's final claim. Nonetheless - because, as will be discussed below, this action must be remanded - the court will address this claim to point out a concern with the ALJ's analysis set forth in the decision.

Plaintiff argues that the ALJ erred in discrediting plaintiff's own subjective testimony. (Pl.'s MSJ (Dkt. No. 15) at 16-18.) The Ninth Circuit has summarized the ALJ's task with respect to assessing a claimant's credibility as follows:

> To determine whether a claimant's testimony regarding subjective pain or symptoms is credible, an ALJ must engage in a two-step analysis. First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged. The claimant, however, need not show that her impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom. Thus, the ALJ may not reject subjective symptom testimony . . . simply because there is no showing that the impairment can reasonably produce the degree of symptom alleged.
>
> Second, if the claimant meets this first test, and there is no evidence of malingering, the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so . . . .

1  Lingenfelter v. Astrue, 504 F.3d 1028, 1035-36 (9th Cir. 2007) (citations and quotation marks
2  omitted).  "At the same time, the ALJ is not required to believe every allegation of disabling pain,
3  or else disability benefits would be available for the asking . . . ."  Molina v. Astrue, 674 F.3d
4  1104, 1112 (9th Cir. 2012).

5  "The ALJ must specifically identify what testimony is credible and what testimony
6  undermines the claimant's complaints."  Valentine v. Comm'r of Soc. Sec. Admin., 574 F.3d 685,
7  693 (9th Cir. 2009) (quoting Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir.
8  1999)).  In weighing a claimant's credibility, an ALJ may consider, among other things, the
9  "[claimant's] reputation for truthfulness, inconsistencies either in [claimant's] testimony or
10 between [her] testimony and [her] conduct, [claimant's] daily activities, [her] work record, and
11 testimony from physicians and third parties concerning the nature, severity, and effect of the
12 symptoms of which [claimant] complains."  Thomas v. Barnhart, 278 F.3d 947, 958-59 (9th Cir.
13 2002) (modification in original) (quoting Light v. Soc. Sec. Admin., 119 F.3d 789, 792 (9th Cir.
14 1997)).  If the ALJ's credibility finding is supported by substantial evidence in the record, the
15 court "may not engage in second-guessing."  Id.

16 Here, the ALJ found that plaintiff's medically determinable impairments could reasonably
17 be expected to cause the symptoms he alleged but that plaintiff's statements concerning the
18 intensity, persistence and limiting effects of those symptoms were not credible to the extent they
19 were inconsistent with the ALJ's own residual functional capacity determination.  (Tr. at 20.)
20 Specifically, the ALJ found that plaintiff's testimony was "inconsistent with medical evidence
21 showing improvement."  (Id.)  In this regard, the ALJ noted that since plaintiff's "direct current
22 cardioversion operation in January 2010," plaintiff had reportedly "been doing well," and had
23 denied suffering from chest pain or discomfort.  (Id.)

24 The ALJ is permitted to consider such evidence in evaluating plaintiff's testimony.  See
25 Parra v. Astrue, 481 F.3d 742, 750 (9th Cir. 2007) ("These inconsistencies [lab reports
26 contradicting plaintiff's subjective complaint] constitute significant and substantial reasons to
27 find Parra's testimony less than completely credible."); Burch v. Barnhart, 400 F.3d 676, 680-81
28 /////

1  (9th Cir. 2005) (ALJ may properly rely on inconsistency between claimant's subjective
2  complaints and objective medical findings).
3        Plaintiff's testimony, however, also addressed pain and symptoms related to his neck
4  condition. (Tr. at 34-39.) With respect to that testimony, the ALJ offered only the conclusory
5  statement that plaintiff, "has required only minimal, conservative treatment after his November
6  2011 cervical fusion." (Id. at 20.) The ALJ's opinion, however, was issued on February 17,
7  2012, approximately three months after plaintiff's cervical fusion. In the absence of any
8  explanation or citation to evidence of record by the ALJ, it is not clear to the court how the ALJ
9  reached the conclusion that plaintiff's treatment for his neck pain was conservative. On remand,
10 if the ALJ again elects to reject plaintiff's subjective testimony regarding his pain and symptoms,
11 the ALJ should provide a more complete analysis and explanation for how that conclusion is
12 reached in the decision.

## CONCLUSION

14       With error established, the court has the discretion to remand or reverse and award
15 benefits. McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989). Plaintiff requests that this
16 matter be remanded for further proceedings. (Pl.'s MSJ (Dkt. No. 15) at 19.) Where no useful
17 purpose would be served by further proceedings, or where the record has been fully developed, it
18 is appropriate to exercise this discretion to direct an immediate award of benefits. See Benecke v.
19 Barnhart, 379 F.3d 587, 595-96 (9th Cir. 2004). However, where there are outstanding issues that
20 must be resolved before a determination can be made, or it is not clear from the record that the
21 ALJ would be required to find plaintiff disabled if all the evidence were properly evaluated,
22 remand is appropriate. Id. at 594.
23       Here, in light of the multiple errors identified above with respect to the ALJ's opinion, the
24 court finds that the record in this case has not been fully developed and that there are outstanding
25 issues that must still be resolved. Moreover, it is not clear from the record that the ALJ would be
26 required to find plaintiff disabled if all the evidence were properly evaluated. Accordingly, the
27 court finds that this matter should be remanded for further proceedings so that the ALJ can
28 /////

10

correct the errors noted above and properly consider the evidence of record in reaching a decision.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (Dkt. No. 15) is granted;
2. Defendant's cross-motion for summary judgment (Dkt. No. 18) is denied;
3. The Commissioner's decision is reversed; and
4. This matter is remanded for further proceedings consistent with this order.

Dated: March 1, 2015

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
Ddad1\orders.soc sec\pegany1851.ord.docx